UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSHING PACIFIC WEST, LLC, a Delaware limited liability company<br><br>                          Plaintiff,<br><br>   v.<br><br>MARINEMAX, INC., a Delaware corporation; MTU DETROIT DIESEL, INC. D/b/a DETROIT DIESEL CORPORATION, a Delaware corporation; MTU Friedrichshafen GmbH, a Foreign corporation; FERRETTI GROUP, USA, INC., a Florida corporation and DOES 1 through 30,<br><br>                        Defendants. | Civil No.   10cv1345-L (DHB)<br><br>**ORDER REGARDING JOINT MOTION FOR PROTECTIVE ORDER**<br><br>**[ECF No. 116]** |

On April 10, 2013, Plaintiff and Defendant MTU Friedrichshafen GmbH ("MTUFN"), filed a joint Motion for Protective Order. (ECF No. 116.) On April 11, 2013, Plaintiff filed an Objection to MTUFN's submissions regarding the joint motion. (ECF No. 117.) Upon reviewing the joint motion, it appears MTUFN is seeking reconsideration of the Court's March 11, 2013 Discovery Order. (ECF No. 104.) The Court has considered the joint motion and supporting exhibits, the proposed Protective Order, and Plaintiff's objections thereto. To the extent MTUFN seeks reconsideration of the Court's March 11, 2013 Discovery Order, the request is DENIED in part, and GRANTED in part. To the extent the parties request that a protective order be entered

in this case regarding documents that have been requested through discovery and that MTUFN contends contain confidential information, the request is GRANTED.

## I. BACKGROUND

On January 17, 2013, the parties filed a Joint Motion for Determination of Discovery Dispute, concerning several of Plaintiff's Requests for Production of Documents. (ECF No. 104.) On March 11, 2013, the Court entered an order regarding the discovery dispute ("Discovery Order"). (ECF No. 104.) The Court addressed MTUFN's objections to Plaintiff's discovery requests, including its objection that German law does not permit the discovery sought. (*Id.* at 10-17.) The Court concluded that Plaintiff was entitled to responses to its Requests for Production of Documents, but determined the scope of certain requests should be limited, and specifically outlined those limits in the Order. (*Id.* at 3-10.) The Court also determined that Federal Rules of Civil Procedure govern and apply to MTUFN. (*Id.* at 10-17.) The Court ordered MTUFN to provide supplemental responses to Plaintiff's discovery requests within thirty days. (*Id.* at 17.)

## II. DISCUSSION

The Court recognized that some of Plaintiff's requests called for information that was potentially confidential or proprietary. (*Id.* at 4.) Therefore, the Court informed the parties they could file a joint motion for a protective order, if they deemed it necessary. (*Id.* at 4-5.) The Court anticipated the parties would meet and confer, and present the Court with a mutually agreeable stipulated protective order. Unfortunately that is not what has happened. Instead, it appears MTUFN viewed the Court's willingness to entertain a joint motion for protective order as an invitation to further brief the earlier discovery dispute. MTUFN now asks the Court to (1) further limit the scope of production; (2) relieve MTUFN of its obligation to produce documents that it deems would potentially violate confidentiality agreements it has with other companies and the German government; (3) relieve MTUFN of its obligation to produce proprietary or trade secret documents; and (4) extend time for MTUFN to provide its supplemental responses.

- 2 -    10cv1345-L (DHB)

Plaintiff argues MTUFN's request is an improper application for reconsideration and is meant to further delay and resist discovery. Plaintiff requests monetary sanctions for its costs and contempt fines in the amount of $10,000 per day.

Requests for reconsideration are disfavored and should be granted only in limited circumstances, such as when the Court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Motions for reconsideration are "not designed merely to provide a dissatisfied litigant with additional opportunity to sway the Court." *Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 282 F.R.D. 216, 232 (D. Ariz. March 30, 2012). Here, MTUFN has not shown any new facts or circumstances, change in law, or clear error that would justify the Court to modify the March 11, 2013 Discovery Order, with the exception that the Court finds MTUFN should be granted a limited extension of time to provide its supplemental responses to Plaintiff.

First, the Court declines to further limit the scope of production. The Court has carefully considered the scope of Plaintiff's discovery requests, and has already imposed appropriate limits on the requests. (*See* ECF No. 104 at 5-7.) No further limitations will be imposed. MTUFN shall provide responsive documents as outlined in the Discovery Order.

Second, the Court declines to relieve MTUFN of its obligation to provide documents that MTUFN states *might* violate German law or confidentiality agreements it has with other companies and/or government agencies. The Court has already determined that the discovery provisions of the Federal Rules govern and apply to MTUFN. Further, the Court has reviewed the declarations from MTUFN's counsel and finds that they are too speculative in nature to warrant a modification of the Discovery Order. For example, MTUFN's counsel states compliance with the Discovery Order "*would possibly* violate German law . . ." and "*potentially* place MTUFN in substantial monetary jeopardy." (ECF No. 116-2 at ¶ 2 (emphasis added).). Counsel also states

"*some* of the requests *potentially* seek information that has national security implications." (*Id.* (emphasis added).) But MTUFN provides no specifics, such as which requests it is referring to. Even assuming some of the requests seek information that is potentially confidential, that does not necessarily preclude production. *See* Fed.R.Civ.P. 26(c)(1)(G) (allowing courts to issue protective orders that require confidential information "not be revealed *or be revealed only in a specified way*") (emphasis added). As mentioned in the Discovery Order, MTUFN's privacy concerns can be addressed through a protective order.

Third, the Court declines to relieve MTUFN from its obligation to produce documents that contain proprietary or trade secret information. As the Court previously found, Plaintiff's document requests seek relevant information, and MTUFN must produce responsive documents, even if they contain confidential information. (ECF No. 104 at 4-5.) Any sensitive information, including trade secrets, proprietary information, or other confidential commercial information can be adequately protected through the issuance of the Protective Order, which is fully set forth below. Therefore, MTUFN's request to be permitted to not produce documents relating to the design, manufacturing, and/or construction of its products is denied.

Fourth, the Court appreciates that it is a significant undertaking for MTUFN to comply with the Discovery Order and produce the documents requested. However, the Court is troubled by the fact that MTUFN's counsel has "only recently been informed of the estimate amount of time involved in responding to the current scope of requests." (ECF No. 116-1 at ¶ 3.) The discovery at issue was initially propounded over six months ago. Moreover, MTUFN previously represented that it was in the process of assembling and reviewing documents in anticipation of complying with discovery. (*See* ECF No. 95 at 18, n.3.) However, because it appears MTUFN needs additional time to comply with German privacy laws, the Court will extend MTUFN's deadline to comply with the Discovery Order. MTUFN is ordered to provide supplemental responses no later than **May 31, 2013**.

Finally, the Court has considered Plaintiff's request for monetary sanctions and contempt fines, and declines to sanction MTUFN at this time.

### III.  PROTECTIVE ORDER

Good cause appearing, the Parties' request that a Protective Order be entered in the above-entitled matter to maintain the confidential nature of any information so designated by MTUFN is hereby **GRANTED**.  The Court has reviewed the proposed protective order provided by the parties, and Plaintiff's objections thereto. (*See* ECF No. 117.)  For the reasons set forth above, Plaintiff's objections are sustained.  The Protective Order is hereby entered as follows:[1]

In order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to U.S. federal laws, state laws, foreign laws and privacy rights, IT IS HEREBY ORDERED THAT:

1.   In this Order, the words set forth below shall have the following meanings:

   a.   "Proceeding" means the above-entitled proceeding (Civil No. 10cv1345-L (DHB)).

   b.   "Court" means the United States Magistrate Judge David H. Bartick, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

   c.   "Confidential" means any information in the possession of a Designating Party which is entitled to confidential treatment, including, but not limited to: (1) documents that contain personal information, including names, addresses, account numbers, social security numbers, dates of birth, or other identifying information or personal information (including personal financial information) protected from public disclosure by statute or regulation or otherwise under applicable law; (2) documents protected by law, including all documents and information that are confidential and privileged as provided by the laws of the State of California and any other federal or state laws; (3) confidential business information, including any proprietary document or

---

[1] The Parties' proposed Protective Order is adopted with certain modifications.

information relating to the business of a party, which constitutes, reflects, or discloses a trade secret, proprietary data, commercially sensitive information, or other information which is confidential under applicable law.

      d.    "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Protective Order.

      e.    "Designating Party" means the Party that designates Materials as "Confidential."

      f.    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

      g.    "Documents" means (I) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

      h.    "Information" means the content of Documents or Testimony.

      i.    "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2.    The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain information that is entitled to confidential treatment pursuant to the provisions of this Protective Order.

3.    The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4.    Any Documents, Testimony or Information to be designated as

"Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

    b. For Testimony given in depositions the Designating Party may either:

        I. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

        ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

    c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this

Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

      6.    In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to

de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

7. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

   a. the Court;

   b. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

   c. those officers, directors, partners, members, employees and agents of all nondesignating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the

terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

  d. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

  e. any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

  f. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

  g. mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

  h. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

    i.  any other person that the Designating Party agrees to in writing.

8. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

9. Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

10. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

  a. operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

  b. prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

    I. to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Protective Order; or

    ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any particular Document, Material or Information.

11. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such

designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Protective Order.

12. If any person subject to this Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

13. If, after the entry of this Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

14. This Protective Order is entered without prejudice to the right of any Party to knowingly waive the applicability of this Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

15. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

16. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

17. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Material.

18. This Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Protective Order.

19. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court [and one copy of each deposition together with the exhibits marked at the deposition)], (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by

law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

20.     The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

### III. CONCLUSION

For the foregoing reasons, the Court HEREBY ORDERS Defendant MTUFN to provide supplemental responses to Plaintiff's Requests for Production, in accordance with the terms of the Court's March 11, 2013 Discovery Order no later than **May 31, 2013**. It is FURTHER ORDERED that the parties' request for a protective order is GRANTED, as set forth above.

**IT IS SO ORDERED.**

DATED: April 16, 2013

DAVID H. BARTICK
United States Magistrate Judge

**EXHIBIT A**

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, (Case No. 3:10cv1345-L(DHB)). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Protective Order filed in this Proceeding. I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.

DATED:_____

BY: _____
Name:_____
Title: _____
Address:_____
Phone:_____