UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSHING PACIFIC WEST, LLC, ) | Case No. 10-cv-1345-L(DHB) |
| Plaintiff, ) | **ORDER:** |
| v. ) | **(1) GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT [DOC. 103]; AND** |
| FERRETTI GROUP, USA, INC., *et al.*, ) | |
| Defendants. ) | **(2) TERMINATING DEFENDANTS' MOTIONS TO DISMISS AS MOOT [DOCS. 99, 101]** |

On May 24, 2010, Plaintiff Pershing Pacific West, LLC ("Pershing") commenced this action in the San Diego Superior Court against Defendants Ferretti Group, USA, Inc. ("Ferretti"), MarineMax, Inc., and MTU Detroit Diesel, Inc., doing business as Detroit Diesel Corporation ("MTU DD"). About a month later, Ferretti and MarineMax removed this action to federal court. On April 12, 2012, after receiving leave from the Court, Pershing filed its First Amended Complaint ("FAC") in order to add Defendant MTU Friedrichshafen GmbH ("MTU GmbH") to this action.[1]

---

[1] For the purposes of this order, the Court shall refer to MTU DD and MTU GmbH collectively as "MTU."

On February 7, 2013, Pershing filed a Second Amended Complaint. Thereafter, Ferretti and Marinemax, and MTU separately filed motions to dismiss. (Docs. 99, 101.) While those motions were pending, Ferretti and MarineMax filed a Notice of Settlement, which also withdraws their opposition to this motion and requests that the Court take their motion to dismiss off calendar. (Doc. 124.) Now pending before the Court is Pershing's motion for leave to file a Third Amended Complaint ("TAC"). In light of Ferretti and MarineMax's Notice of Settlement, only MTU now opposes.[2]

The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 109.) For the following reasons, the Court **GRANTS** Pershing's motion for leave to file a TAC, and **TERMINATES AS MOOT** Defendants' motions to dismiss.

## I.   BACKGROUND

This action arises from Pershing's purchase of a 72' motor yacht, the 2009 Pershing Model 72. (SAC ¶ 1.) The transaction took place on August 22, 2008, when Pershing and MarineMax entered into a purchase agreement. (SAC ¶ 9.) Pershing seeks to recover damages based upon the purchase and sale of the yacht, which was allegedly in defective condition at the time of the sale. It also named Ferretti as manufacturer of the yacht, MarineMax as the seller, and MTU as the manufacturer and warrantor of the yacht's engines. (*Id.*)

At the time Pershing filed its complaint, its counsel believed that MTU DD was the manufacturer of the engines. (Kessler Decl. ¶ 2.) However, around November 2010, after reviewing newly issued warranty-related information, Pershing's counsel discovered that the actual manufacturer and warrantor of the yacht's engines was the Germany-based company MTU GmbH. (*Id.* ¶ 4.)

In its SAC, Pershing asserts the following six claims: (1) revocation of acceptance against

---

[2] Pershing also requests that the Court strike Ferretti and MarineMax's late-filed opposition. (Pl.'s Reply 10:7–16.) The Court **DENIES AS MOOT** this request.

MarineMax; (2) rescission against MarineMax; (3) breach of implied warranty of merchantability against MTU; (4) breach of implied warranty of merchantability against Ferretti; (5) negligence against MTU and Ferretti; and (6) breach of express warranty against MTU.

Pershing now moves for leave to file a TAC, which adds factual allegations and claims. (Doc. 103.) These additional claims include violation of the Magnuson-Moss Warranty Act ("MMWA"), deceit, and negligent misrepresentation. (Doc. 103-3.) In light of Ferretti and MarineMax's Notice of Settlement, only MTU opposes the motion. (Doc. 105.)

## II.     LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, a party may amend its complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." *Id.*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend is not to be granted automatically. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

The Court considers five factors in assessing a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing any of the factors above. *See DCD Programs*, 833 F.2d at 186. Of these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, absent prejudice, a strong showing of the other factors may support denying leave to amend. *See id.*

//
//

## III. DISCUSSION

MTU opposes the motion for leave to amend on five grounds: (1) undue delay; (2) prejudice; (3) bad faith; (4) futility; and (5) failure to show good cause to modify the scheduling order. (Defs.' Opp'n, 1:9–2:12.) In essence, MTU argues that Pershing's motion is a bad-faith litigation tactic to add futile claims in order to unnecessarily delay litigation and prejudice Defendants. The Court disagrees.

### A. Modification of the Scheduling Order

Once the court-ordered deadline for amending pleadings has passed, Rule 16 governs. Under Rule 16, "the scheduling order 'control[s] the subsequent course of the action' unless modified by the court." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16). This rule further provides that a "party seeking to amend [a] pleading after [the] date specified in [the] scheduling order must first show 'good cause' for amendment [of the scheduling order] under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that [the] amendment was proper under Rule 15." *Johnson*, 975 F.2d 604, 608 (9th Cir. 1992) (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987); *Fin. Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1987)). Furthermore, the "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end.'" *In re W. States Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson*, 975 F.2d at 609). In ruling on matters such as these, which involve the supervision of the pretrial phase of litigation, "[t]he district court is given broad discretion." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985).

Pershing concurrently moves to modify the scheduling order to permit it to amend its complaint. Pershing argues that good cause exists to modify the scheduling order because it diligently seeks to do so. (Pl.'s Mot. 13:26–14:13.) To demonstrate diligence, Pershing points

to the fact that it received documents through discovery *after* the scheduling order deadline showing "[Defendants'] prior knowledge and intentional concealment of the problems experienced on the [yacht]," and that it filed this motion shortly after the Court issued its orders on the then-pending motions to dismiss in January 2013. (*Id.*) Pershing adds that "Defendants seek to capitalize on their continued delay and obfuscation when contending [Pershing] does not have good cause to seek leave," punctuating that proposition with the fact that "[MTU GmbH] has yet to produce a single document in this lawsuit." (Pl.'s Reply 8:18–19, 9:19.) MTU responds that Pershing "was aware of the purported grounds to pursue this amendment at least in September 2012," and that it did not bring up amending the complaint when the parties entered into a stipulation in December 2012 to "move procedural dates." (Defs.' Opp'n 13:17–14:3.)

After reviewing the circumstances presented, the Court concludes that Pershing has shown good cause to modify the scheduling order to permit it to move for leave to amend its complaint. *See Johnson*, 975 F.2d at 609. Pershing demonstrates that it acted diligently in light of the circumstances, and thus is permitted to request leave to amend its complaint. *See id.*

**B.   Undue Delay**

MTU argues that Pershing unduly delayed in requesting leave to file its TAC. (Defs.' Opp'n 11:20–22.) As the Ninth Circuit held in *Bowles v. Reade*, "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend . . . [w]e have previously reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." 198 F.3d 752, 758 (9th Cir. 1999). For the reasons below, MTU fails to meet its burden of demonstrating prejudice, bad faith, or futility of amendment. Thus, its contentions as to undue delay are unavailing.

**C.   Prejudice**

MTU's argument that it will be prejudiced by Pershing's TAC is without merit. MTU contends that Pershing waited until Defendants had filed motions to dismiss before filing its

motion for leave to amend, thus "[prejudicing] [D]efendants by forcing them to work up prior motions to dismiss that may not have been needed." (Defs.' Opp'n 10:1–6.) The core of MTU's prejudice argument is that Pershing's delay in filing its motion for leave to amend suspended resolution of the dispute, and forced MTU to file a motion to dismiss which would then become moot.

In support of this contention, MTU cites to *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980 (9th Cir. 1999). In *Lockheed*, the Ninth Circuit affirmed the holding of a district court denying a plaintiff's motion for leave to amend after discovery had closed and when a defendant's summary-judgment motion was pending. *Id*. at 986. The court reasoned that because the claims sought to be added would require reopening discovery and conducting extensive investigation in the face of the pending summary-judgment motion, amendment would be prejudicial. *Id*. But here, discovery has not closed. Discovery is ongoing, and so are the discovery disputes. In fact, the parties have stipulated to extend the deadline for all discovery to November 22, 2013. (Doc. 119.) The magistrate judge held a discovery conference with regard to this matter on June 11, 2013, more than two months after MTU filed its opposition to Pershing's motion, claiming prejudice based on undue delay.

As the Ninth Circuit reasoned in *Westlands Water District v. United States*, "legal prejudice is . . . prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." 100 F.3d 94, 97 (9th Cir. 1996). MTU offers no reason why any of its legal interests or claims have suffered as a result of Pershing's motion. The only prejudice MTU attempts to show as a result of Pershing's motion for leave to amend stems from delay, and this attempt is ineffectual. As of right now, the parties have until late November to complete discovery. MTU does not show that this is an insufficient time period to conduct discovery as to the added claims.

Therefore, while Pershing may not have been as expeditious as it could have been in filing its motion, MTU fails to show any prejudice to its legal interests as a result of permitting Pershing to file a TAC. *See Westlands Water Dist.*, 100 F.3d at 97.

//

**D.     Bad Faith**

MTU argues that Pershing's failure to discuss its new and separate claim against all defendants for breach of the MMWA "rings loudly of bad faith." (Defs. Opp'n 14:26–27.) Why it does so is unclear, and MTU provides no support for this conclusion. Rather, MTU continues that it is "procedurally improper" for Pershing to insert a new claim without requesting leave of the court in its motion. (Defs.' Opp'n 14:27–28, 15:1–3.) To support the latter proposition, MTU cites to *Brandt v. Davis*, 191 F.3d 887 (8th Cir. 1999). In *Brandt*, the Eighth Circuit denied a plaintiff leave to amend when the plaintiff did not explain how he would amend a complaint to save a defective claim. 191 F.3d at 893. This Court has not held Pershing's MMWA claim to be defective, and MTU does not otherwise attempt to meaningfully apply *Brandt* to the circumstances presented here.

It is true that Pershing did not discuss the new MMWA claim in its motion, despite including the claim in its proposed TAC. Pershing may have asserted the claim less explicitly in its two previous operative complaints, but its intention to clarify and expound upon this claim should have been made clear in its motion. Nonetheless, the nonmoving party bears the burden of showing the factors above in opposing a motion for leave to amend, and MTU ultimately fails to meet its burden to show that Pershing acted in bad faith. *See DCD Programs*, 833 F.2d at 186.

**E.     Futility**

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Futility is a measure of the amendment's legal sufficiency. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Thus, the test of futility is identical to the one applied when considering challenges under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978); *see Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err

in denying leave to amend . . . where the amended complaint would be subject to dismissal." (citation omitted)).  MTU argues that Pershing's amendments are futile.

### 1. Federal Rule of Civil Procedure 9(b)

As a preliminary matter, MTU is correct that Pershing's Proposed TAC does not set forth its allegations of fraud with sufficient specificity to satisfy the requirements of Rule 9(b).  Actual fraud in California "consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract:

1.  The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;
2.  The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;
3.  The suppression of that which is true, by one having knowledge or belief of the fact;
4.  A promise made without any intention of performing it; or,
5.  Any other act fitted to deceive.

Cal. Civ. Code § 1572.  Rule 9(b)'s particularity requirement applies to all averments of fraud in federal court, even those which are based in state law or in which fraud is pleaded even though it is not an essential element of the claim.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

To satisfy Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Vess*, 317 F.3d at 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)).  Plaintiffs must plead sufficient facts to give defendants notice of the time, place, and nature of the alleged fraud together with an explanation of the statement and why it was false or misleading.  *See id*. at 1107.  Averments of fraud must be pled with sufficient particularity as to give the defendants notice of the circumstances surrounding a fraudulent statement.  *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994) (superceded by statute on other grounds as stated in *Ronconi v. Larkin*, 253 F.3d 423, 429 n.6 (9th Cir. 2001)).  The circumstances constituting the alleged fraud must "be specific enough to give defendants notice of the particular misconduct . . . so that they

can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotation marks omitted). "A plaintiff may . . . satisfy Rule 9(b) with allegations of circumstantial evidence if the circumstantial evidence alleged explains how and why the statement was misleading when made." *Fecht v. Price Co.*, 70 F.3d 1078, 1083 (9th Cir. 1995). *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

The Proposed FAC includes two claims that sound in fraud: deceit and negligent misrepresentation. In its deceit claim, Pershing alleges that "throughout the time Plaintiff owned the Pershing Watercraft, MTU . . . misrepresented to, and/or concealed from, Plaintiff their knowledge of the problems and repairs to the problems experienced and reported by Plaintiff regarding the engines and fuel delivery systems on the Pershing Watercraft." (Proposed TAC ¶ 91.) It then provides an example of this alleged deceit:

> For example, in July 2009, in response to reports of problems by Plaintiff, MTU . . . through their agents Joran Kraczak and Steven Neil, among others, represented to Plaintiff that the problems experienced by Plaintiff in San Diego with respect to the engines and fuel delivery systems were either not problematic for the performance of the engines and/or were resolved simply by increasing the fuel temperature alarm settings. MTU . . . failed to reveal, and suppressed the facts, that the same problems being experienced by Plaintiff had been experienced on other vessels with the same engines and fuel delivery systems as had been reported to them by other boat owners in as early as January 2008. MTU . . . also failed to reveal, and suppressed the facts, that the issues reported by Plaintiff were problematic for the performance of the engines and were not actually resolved by simply increasing the fuel temperature alarm settings.

(*Id.* ¶ 92.) And in its negligent-misrepresentation claim, Pershing alleges that "[t]hroughout the time Plaintiff owned the Pershing Watercraft, MTU . . . misrepresented to Plaintiff various repairs to the problems experienced and reported by Plaintiff regarding the engines and fuel delivery systems on the Pershing Watercraft." (*Id.* ¶ 107.) It then provides an example of this alleged misrepresentation in general terms. (*Id.* ¶ 108.) For these claims, Pershing alleges that MTU either made a false assertion or suppressed the truth. (*Id.* ¶ 91–92, 107.) In other words, Pershing alleges fraud, and thus Rule 9(b) applies. *See* Cal. Civ. Code § 1572; *Vess*, 317 F.3d at 1103.

//

Here, Pershing's deceit claim fails to include allegations explaining the circumstances in which the alleged fraud took place. (Proposed TAC ¶ 91.) The who, what, where, when, and how of MTU's alleged fraud, all of which must be pled with particularity, are noticeably missing. *See Vess*, 317 F.3d at 1106. The example that Pershing provided is closer to meeting the Rule 9(b) standard, but it still falls short. In that example, Pershing fails to provide the date or time of the alleged fraudulent statements, the mode of communication used to deliver the statements, the specific recipients of the statements within Pershing, or the specific contents of the statements made. *See id.* To meet the Rule 9(b) standard, Pershing must plead sufficient facts to give the defendants notice of the time, place, and nature of each alleged instance of fraud along with an explanation of the statement and what makes it false or misleading. *See id.* at 1107; *GlenFed*, 42 F.3d at 1547. Pershing ultimately fails to plead deceit with sufficient particularity. *See* Fed. R. Civ. P. 9(b).

Similarly, Pershing's negligent-misrepresentation claim fails to meet the heightened Rule 9(b) standard. This claim is even less specific about MTU's fraudulent actions than the deceit allegations. Pershing again fails to provide the circumstances in which the fraud took place, such as the time, place, or mode of communication. There is not enough specificity here to bring the negligent-misrepresentation claim into compliance with Rule 9(b). *See Vess*, 317 F.3d at 1106; *GlenFed*, 42 F.3d at 1547.

Nonetheless, though the Proposed TAC does not adequately meet the Rule 9(b) standard, there is enough factual matter to suggest that the claims for deceit and negligent misrepresentation are not futile. *See Miller*, 845 F.2d at 214. Therefore, this factor weighs in favor of permitting leave to amend.

    **2. Duty to Disclose**

In California, "[t]he elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004). Additionally, "[t]here are four circumstances in

which nondisclosure or concealment may constitute actionable fraud." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) (quoting *Heliotis v. Schuman*, 181 Cal. App. 3d 646, 651 (1986)) (internal quotation marks omitted). These circumstances are: (1) a fiduciary relationship between the parties; (2) a situation in which the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) a situation in which defendant actively conceals a material fact from the plaintiff; and (4) a situation in which the defendant makes partial representations but also suppresses some material facts. *Id.* at 336-37. The latter three circumstances presuppose some relationship between the parties resulting from a transaction between them. *Id.* at 337. And showing the suppression of a fact by one who has a duty to disclose may establish the misrepresentation element. *See Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1136 (2010).

      MTU also argues that allowing amendment to the deceit claim is futile because MTU does not owe Pershing a duty to disclose. (Defs.' Opp'n 105:3–5.) While MTU is correct that Pershing fails to allege a duty to disclose as required to establish fraud by concealment under California law, MTU's futility argument is without merit. It is not clear from Pershing's Proposed TAC whether the basis of its deceit claim is a nondisclosure or an affirmative misrepresentation. (*See* Proposed TAC ¶ 90–97.) Even if Pershing's deceit claim is based solely on concealment, that neither of the MTU Defendants did not sell the yacht to Pershing does not necessarily lead to the conclusion that no transaction took place between MTU and Pershing which may have given rise to a duty to disclose. *See LiMandri*, 52 Cal. App. 3d at 336-37.

      Here, Pershing alleges that MTU "misrepresented to, and/or concealed" their knowledge of problems with the engines and fuel delivery systems on the yacht. (Proposed TAC ¶ 91.) However, these allegations do not specify whether its basis is affirmative misrepresentation or mere nondisclosure. If Pershing alleges concealment or nondisclosure as the basis for actionable fraud, it must plead a duty to disclose stemming from some relationship between the parties as a result of a transaction. *See LiMandri*, 52 Cal. App. 4th at 336. Pershing has not done that here.

      Though the deceit claim with respect to a duty to disclose does not adequately meet the Rule 12(b)(6) standard, MTU nonetheless fails to show that permitting amendment would be

futile. *See Miller*, 845 F.2d at 214.

In sum, MTU fails to meet its burden of opposing the motion for leave to amend. *See DCD Programs*, 833 F.2d at 186; Fed. R. Civ. P. 15(a)(2). Therefore, permitting amendment is appropriate in this instance. *See id.*

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Pershing's motion for leave to file a TAC. (Doc. 103.) Pershing shall revise its TAC in a manner consistent with this order only as to the claims discussed above, and file it by **July 1, 2013**. Furthermore, in anticipation of Pershing's amended complaint, the Court also **TERMINATES AS MOOT** Defendants' motions to dismiss. (Docs. 99, 101.) If Pershing does not file its TAC by the aforementioned date, then Defendants may request that the Court reinstate its motions to dismiss through an *ex parte* application.

**IT IS SO ORDERED.**

DATED: April 24, 2013

　　　　　　　　　　　　　　　　　　　　　　
M. James Lorenz
United States District Court Judge

COPY TO:

HON. DAVID H. BARTICK
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL